UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METROPOLITAN LIFE INS. CO.,

    Plaintiff,

v.

DEBORAH BLEVINS and LAURA
LECKEMBY,

    Defendants.
_____

DEBORAH BLEVINS,

    Cross-Plaintiff,

v.

LAURA LECKEMBY,

    Cross-Defendant.
_____/

Case No. 15-CV-11663-DT

HON. DENISE PAGE HOOD

**OPINION AND ORDER GRANTING CROSS-DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
AND
ORDER DISMISSING AMENDED CROSS-COMPLAINT**

**I.    BACKGROUND**

On May 8, 2015, Plaintiff Metropolitan Life Insurance Company ("Met Life") filed the instant Complaint for Interpleader against Defendants Deborah Blevins, Laura Leckemby and Michigan Memorial Funeral Home. (Doc. No. 1) The funeral home was dismissed by Met Life on August 6, 2015. (Doc. No. 13) On August 18,

2015, the Court entered a Stipulation and Order Allowing Deposit of Life Insurance Benefits into the Court, Discharging Met Life from Liability and Dismissing Met Life only from this action. (Doc. No. 14)

On June 10, 2015, Blevins filed a Cross-Claim against Leckemby seeking judgment in her favor. (Doc. No. 9) An Answer to the Cross-Claim was filed by Leckemby on July 8, 2015. (Doc. No. 12) Blevins filed an Amended Cross-Complaint against Cross-Defendant Laura Leckemby on November 5, 2015. (Doc. No. 22)

Anthony Blevins, the decedent, was the husband of Deborah Blevins at the time of his death on February 16, 2014. (Am. Cross-Complaint, Doc. No. 22, ¶¶ 3-4) They were married on July 31, 2004. *Id.*, ¶ 5. The decedent formerly worked for General Motors Corporation, and as a benefit of that employment, had a life insurance plan, regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and administered by Met Life. *Id.*, ¶ 6.

At the time of hire with General Motors in October 1977, the decedent designated as beneficiary of his life insurance proceeds to his then-current spouse, Laura Blevins, now known as Laura Leckemby. *Id.*, ¶ 7. The decedent and Leckemby were divorced in the Livingston County Circuit Court on October 22, 1992. *Id.*, ¶ 8. The Judgment of Divorce provides:

> It is further ordered and adjudged that the Defendant,

2

> ANTHONY R. BLEVINS, shall continue to name Plaintiff, LAURA G. BLEVINS, as irrevocable beneficiary on all existing life, endowment or annuity policies of insurance until the minor child of the parties reach the age of majority, graduate from high school, but in no[t] [sic] event past their 19 1/2 birthday.

*Id.,* ¶ 9 (see also, Ex. C to Crossclaim, Doc. No. 9). There were three children born to the decedent and Leckemby, the youngest turning 19 1/2 years on March 22, 2006. *Id.,* ¶ 11. A Consent Order Amending Judgment of Divorce dated October 22, 1992, was entered on April 11, 1995 by the Livingston County Circuit Court which noted that the decedent had sole physical custody of the minor children of the parties. *Id.,* ¶ 12 (see also, Ex. D to Crossclaim, Doc. No. 9). The amended Judgment of Divorce did not have a provision governing any life insurance policy.

Blevins and the decedent married on July 31, 2004. *Id.*, ¶ 5. At the time of his death, the decedent was enrolled under the Plan for Basic Life Insurance Coverage in the amount of $65,000. *Id.,* ¶ 13. Blevins submitted a claim for benefits on April 3, 2014 and Leckemby filed a claim on May 20, 2014. *Id.*, ¶¶ 14, 15.

This matter is before the Court on a "Motion for Summary Judgment" filed by Leckemby on August 19, 2015. However, Leckemby cites Rule 12(b)(6) as a basis for her motion which is a Motion to Dismiss for failure to state a claim upon which relief may be granted which requires review of the pleading only, which in this case,

the only properly filed pleading is the first Cross-Claim filed by Blevins on June 10, 2015, Doc. No. 9. Summary judgment motions are governed by Rule 56(a) which requires parties to submit documents outside of the pleading. Blevins filed a response to Leckemby's motion noting the standard under Rule 12(b)(6). Leckemby's Motion to Dismiss applies to Blevins' Amended Cross-Complaint because the motion seeks a ruling as to whether the Judgment of Divorce is a Qualified Domestics Relations Order.

## II.   ANALYSIS

### A.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a case of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2), *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at

4

563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content must be "plausibility" suggestive of a claim entitling a plaintiff to relief. *Id.* The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

    **B.    Qualified Domestics Relations Order**

Both parties agree that should the Court find that the Judgment of Divorce is

a Qualified Domestics Relations Order ("QDRO"), then ERISA is preempted by this Judgment of Divorce.

ERISA requires that each pension plan shall provide that benefits provided under the plan may not be assigned or alienated. 29 U.S.C. § 1056(d)(1). ERISA was amended by the Retirement Equity Act ("REA") in 1984 which provided that the prohibition on alienation and assignment of pension benefits "shall not apply if the order is determined to be a qualified domestic relations order. Each pension plan shall provide for the payment of benefits in accordance with the applicable requirements of any qualified domestic relations order." 29 U.S.C. § 1056(d)(3)(A). A QDRO is an order which "assigns to an alternate payee the right to ... receive all or a portion of the benefits payable with respect to a participant under a plan." 29 U.S.C. § 1056(d)(3)(B)(i)(1). A divorce decree is a qualified domestic relations order if it meets various requirements set forth in 29 U.S.C. § 1056(d)(3). The requirements for a QDRO include: 1) the name and the last known mailing address, if any, of the participant and the name and mailing address of each alternate payee covered by the order; 2) the amount of percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined; 3) the number of payments or period to which such order applies, and 4) each plan to which such order applies. 29 U.S.C. § 1056(d)(3)(C).  Literal

compliance is not required; only that the QDRO "substantially complies" with the requirements of ERISA. *Metropolitan Life Ins. Co. v. Marsh,* 119 F.3d 415, 422 (6th Cir. 1997).

As to the name and address of the participant and alternate payee, the Judgment of Divorce at issue notes the names of the decedent and Leckemby, with their addresses at that time. Regarding the percentage of the participant's benefits to be paid by the plan and the number of payments or periods, there is no dispute in this case that the life insurance benefits are payable upon the decedent's death in full at 100%, therefore, these two requirements are met. Whether the plan is "substantially" identified in the Judgment of Divorce, the life insurance policy is not expressly identified, nor is the decedent's employer noted in the Judgment of Divorce. The provision, as noted above, states, "all existing life, endowment or annuity policies of insurance." (Doc. No. 9, Pg ID 102).

Leckemby argues that because the Judgment of Divorce does not identify the plan to which the order applies, this is a "fatal defect" and the Judgment of Divorce is not a QDRO, citing *Metropolitan Life Ins. Co. v. Mulligan*, 210 F. Supp. 2d 894 (E.D. Mich. 2002) and *O'Neil v. O'Neil*, 136 F. Supp. 2d 690 (E.D. Mich. 2001). Even if the failure to identify the plan is not fatal in this case, Leckemby argues that the provision in the Judgment of Divorce does not strip Leckemby of her rights under

the beneficiary designation since nothing in that language indicates that after the age of 19 1/2, Leckemby had no rights to the policy. The language only states that the decedent must continue to name Leckemby as an irrevocable beneficiary until the minor child reached the age of 19 1/2, but does not expressly note that Leckemby could not be a beneficiary thereafter. Blevins responds that the Judgment of Divorce identified the decedent's employer as G.M. Power Train, therefore it would be reasonable to conclude that any life insurance benefits would be from his employer. (Doc. No. 9, Pg ID 98)

In *Metropolitan Life Ins. Co. v. Clark,* 159 F. App'x 662 (Dec. 14, 2005), the Sixth Circuit held that even though the policy is not identified, if it appears that there is but one life insurance policy in force at the time of the divorce decree, this is "substantial compliance" under ERISA and qualifies as a QDRO. In this case, the decedent's employer was identified and there is no dispute that the Met Life insurance policy at issue was in force at the time of the divorce decree. The Judgment of Divorce at issue is a QDRO.

Blevins argues further that because the life insurance provision only states that there is an irrevocable beneficiary until the minor reached age 19 1/2. Blevins asserts that prior the children reaching age 19 1/2, the Judgment of Divorce was amended and the decedent was given sole custody of the minor children. Blevins claims that

9

Leckemby's rights under the insurance policy terminated at the latest when the youngest child reached the age of 19 1/2. However, in *Clark*, the Sixth Circuit noted that where the divorce decree is silent on the issue of life insurance when the decree was amended, this is suggestive that the divorce decree remained untouched. *Clark,* 159 F. App'x at 665-66. Absent a clear intent of the court in the modified divorce decree to revoke benefits, the beneficiary status of a policy remains. *Id.* at 666. Unless a former spouse specifically waives her interest as designated beneficiary under a decedent's ERISA plan, a broad waiver of rights in the couple's divorce decree is preempted by ERISA. *Metropolitan Life Ins. Co. v. Pressley,* 82 F.3d 126, 130 (6th Cir. 1996). The plan documents naming the decedent's former spouse as beneficiary controls. *Id.*

In this case, Blevins has not shown that the amendment to the Judgment of Divorce where the decedent was granted sole custody of the minor children expressly revoked the beneficiary status of Leckemby in the decedent's life insurance policy as designated by the decedent in 1977. Blevins also has not shown by any other express language in the Judgment of Divorce, or any further amendment thereto, that after the minor reached the age of 19 1/2, Leckemby was expressly no longer the beneficiary of the life insurance policy. The express language of the Judgment of Divorce only states that the decedent "shall continue to name Plaintiff, LAURA G. BLEVINS, as

10

irrevocable beneficiary on all existing life, endowment or annuity policies of insurance until the minor child of the parties reach the age of majority, graduate from high school, but in no[t] [sic] event past their 19 1/2 birthday." (Doc. No. 22, Pg ID 220)  This language only shows that the decedent maintain Leckemby as an irrevocable beneficiary until the youngest child reached the age of 19 1/2.  The language was most likely intended to protect the minor children, but this language does not provide a clear intent to revoke the beneficiary status of Leckemby after the youngest child reached the age of 19 1/2.

In 1977, the decedent designated Leckemby as a beneficiary to his life insurance proceeds provided by his employer.  Leckemby and the decedent divorced in 1992.  The Judgment of Divorce provided that Leckemby must be an irrevocable beneficiary on any life insurance policy until the youngest child reached the age of 19 1/2.  The Judgment of Divorce was amended in 1995, with no express language governing any life insurance policy.  Blevins and the decedent were married in 2004.  The decedent died in 2014.  The Plan administrator has no record that the 1977 beneficiary designating Leckemby was replaced at any time.  The QDRO language in the 1992 Judgment of Divorce states that Leckemby is an irrevocable beneficiary, but there is no language in that 1992 Judgment nor the amended 1995 Judgment that expressly revokes Leckemby's beneficiary status set forth in the 1977 beneficiary

11

designation. The Motion to Dismiss or for Summary Judgment must be entered in Leckemby's favor.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Laura Leckemby's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

IT IS FURTHER ORDERED that Deborah Blevins' Amended Cross-Complaint (Doc. No. 22) is DISMISSED with prejudice.

IT IS FURTHER ORDERED that this action is designated CLOSED on the Court's docket.

                                          S/Denise Page Hood  
                                          Denise Page Hood  
                                          Chief Judge, United States District Court

Dated: March 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 30, 2016, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry  
                                          Case Manager